IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDDIE JOSEPH BROWN, # 87813**                    **PETITIONER**

v.                          **CAUSE NO. 1:14CV442-LG-RHW**

**WEXFORD HEALTH**                          **RESPONDENT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Petitioner Eddie Joseph Brown is incarcerated with the Mississippi Department of Corrections. He initiated this action on December 9, 2014. The next day the Court ordered Brown to either pay the $5.00 filing fee or amend his application to proceed *in forma pauperis*, by December 30, 2014. Having received no response, on January 21, 2015, the Court entered the Order to Show Cause [4]. The Court ordered Brown to either pay the filing fee, amend his application, or show cause, by February 4, why the case should not be dismissed for failure to obey the Court's prior Order. When Brown still failed to respond, the Court entered the Second Order to Show Cause [5], on May 5, giving Brown one last opportunity to comply.

All Orders [3, 4, 5] were mailed to Brown's address of record, and they were not returned as undeliverable. To date he has not responded, paid the filing fee, nor otherwise contacted the Court. The Court has warned Brown that failure to comply may result in this case being dismissed. (Dkt. 5 at 1-2); (Dkt. 4); (Dkt. 3 at 1). It is apparent from his failure to respond or otherwise communicate with the Court that

Brown lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Respondent has never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 2nd day of June, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE